UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ROBERT D. DEARMORE,<br><br>    Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br><br>    Defendant. | Case No. _____<br><br>Muscatine County Case No. LACV 21548<br><br>**NOTICE OF REMOVAL (28 U.S.C. § 1446)** |

COMES NOW Defendant, Menard, Inc., by and through its attorneys, Lane & Waterman LLP, and for its Notice of Removal to District Court states as follows:

1.    Menard, Inc., a Wisconsin corporation, hereinafter "Menard" is a Defendant in a civil action brought on October 9, 2012 in the Iowa District Court for Muscatine County. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, Menard removes this action to the United States District Court for the Southern District of Iowa, which is the judicial district in which this action is pending.

2.    The grounds for removal of this action are:

(a)    This is an action of a civil nature in which the District Court of the United States has been given original jurisdiction and that it arises under diversity jurisdiction based upon 28 U.S.C. § 1332.

(b)    In particular, Plaintiff Robert D. Dearmore ("Dearmore") is a citizen of the State of Iowa; Defendant Menard is a corporation organized and existing as a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin.

(c)    Based on the pleadings and medical damages in this matter the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiff's Petition in this action was served on Defendant Menard on October 22, 2012. This

Notice of Removal is, therefore, filed within thirty days of service of the Petition upon Defendant. All State court papers served on Defendant at the time of removal, consisting of the Original Notice and Petition, are attached.

4. All counsel of record that have appeared in State Court for the Plaintiff are listed below:

>Elliot L. Olsen
>Brendan J. Flaherty
>PritzkerOlsen, P.A.
>Suite 2950 Plaza Seven Building
>45 South Seventh Street
>Minneapolis, MN 55402-1652
>Phone: (612) 338-0202
>Fax: (612) 338-0104
>Email: Elliot@pritzkerlaw.com
>Brendan@pritzkerlaw.com

/s/ Troy D. Venner
Troy D. Venner     AT0008132
Lane & Waterman LLP
220 N. Main, Suite 600
Davenport, Iowa 52801
(563) 324-3246

Copy to:

Elliot L. Olsen
Brendan J. Flaherty
PritzkerOlsen, P.A.
Suite 2950 Plaza Seven Building
45 South Seventh Street
Minneapolis, MN 55402-1652

<u>Proof of Service</u>

I, the undersigned do hereby certify that the foregoing document was served upon all parties in this action pursuant to Rule 5(b) of the Federal Rules of Civil Procedure by:

    _X_ Electronic Filing     _X_ U.S. Mail
    ___ Facsimile           ___ Hand Delivery

to each counsel of record herein at the addresses set forth above on the 8th day of November, 2012.

/s/ Gini K. Allen

# IN THE IOWA DISTRICT COURT FOR THE SEVENTH JUDICIAL DISTRICT
# MUSCATINE COUNTY

| | |
|---|---|
| ROBERT D. DEARMORE,<br><br>Plaintiff,<br><br>v.<br><br>MENARD, INC.,<br><br>Defendant. | LAW NO.: LACV 21548<br><br>**PETITION AND**<br>**REQUEST FOR JURY TRIAL** |

COMES NOW Plaintiff, Robert D. Dearmore, individually, for a cause of action against Defendant Menard, Inc., and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff is an adult resident of Muscatine, Muscatine County, Iowa.

2. Defendant Menard, Inc., is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin.

3. Defendant does business as "Menards" and owns and operates 270 home improvement stores located in Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Wisconsin and Wyoming.

4. Menard, Inc., is registered to do business within the state of Iowa and has authorized its registered agent, Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, Iowa, to accept service on its behalf.

1

5. At all relevant times, Defendant Menard, Inc. owned and operated the Menards home improvement store located at 3408 North Highway 61, Muscatine, Iowa 52761 (hereafter "Muscatine Menards").

6. Venue is proper because a substantial part of the events giving rise to the claims alleged here occurred within Muscatine County, Iowa.

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth here.

8. On the afternoon of November 2, 2010, at approximately 4:15 p.m., Plaintiff was returning a siding product previously purchased at the Muscatine Menards.

9. The siding product was packaged in a box that was approximately 12 feet-long by 12 inches-wide by 12 inches-high.

10. Upon Plaintiff's arrival at the Muscatine Menards, Menards employee Jeremy Bennett was assigned to assist Plaintiff in moving the box of siding from Plaintiff's truck to a storage shelf.

11. Mr. Bennett drove a forklift to the vicinity of Plaintiff's vehicle.

12. Unbeknownst to Plaintiff, Mr. Bennett left the forks of the forklift elevated approximately 6 to 10 inches off the ground when he parked it.

13. Plaintiff picked up the end of the siding box that was projecting out of the bed of his truck. Mr. Bennett picked up the other end of the siding box and guided Plaintiff toward the shelving unit.

14. Plaintiff could not see the ground in front of him because the box blocked his line of vision.

15. Mr. Bennett guided Plaintiff into the path of the elevated forks of the forklift truck.

16. At the time, Plaintiff's right ankle was immobilized in a walking-boot cast from a previous fibula fracture.

17. Plaintiff's walking boot caught in the elevated forks causing him to fall and resulting in a significant cut to his right knee.

18. The cut became severely infected and Plaintiff was hospitalized.

19. While hospitalized, Plaintiff underwent surgery to prevent the spread of the infection and minimize its impact on his leg. After surgery and consultation with an infectious disease specialist, Plaintiff was diagnosed with a community-associated Methicillin-resistant Staphylococcus aureus (CA-MRSA) infection. Plaintiff remained hospitalized in isolation for several additional days.

20. As a result of contracting CA-MRSA from the laceration to his knee, Plaintiff suffered profound injuries to his leg, requiring approximately almost a week of hospitalization and months of rehabilitation.

21. Plaintiff continues to suffer residual effects of the infection and injury to his knee and leg.

22. Plaintiff developed the CA-MRSA infection as a direct and proximate result of the fall on Defendant's premises.

23. As a result of injuries sustained by the fall on Defendant's premises, Plaintiff suffered and will in the future suffer the following injuries and damages:

    a. Medical and hospital expenses for the treatment of injuries;

    b. Physical and mental pain;

c. Wage loss; and

d. Other harms and losses to be proven at trial.

## COUNT I

### Negligence

24. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth here.

25. Defendant owed a legal duty to Plaintiff to exercise reasonable care to ensure the safety of its customers.

26. At all relevant times, Defendant's employee Jeremy Bennett was acting within the course and scope of his employment at the Muscatine Menards.

27. Defendant, its employees, agents and those acting on its behalf, breached its duty by committing the following negligent acts and omissions:

    a. Failing to fully lower the forks on the forklift;

    b. Negligently directing Plaintiff toward raised forks;

    c. Failing to warn Plaintiff of the raised forks;

    d. Failing to park the forklift in a reasonably safe area;

    e. Failing to enforce its own regulations regarding the operation of forklifts;

    f. Failing to adequately train, educate and/or advise its employee Mr. Bennett with regard to safe operating practices of a forklift; and

    g. Entrusting a forklift truck to its employee Mr. Bennett, who, upon information and belief, Defendant knew or should have known was an inexperienced operator who lacked the skill, judgment and qualifications to safely operate a forklift; and

    h. Other acts and omissions revealed through discovery.

28. As a direct and proximate result of the negligence of Defendant Menard, Inc., its employees, agents and those acting on its behalf, Plaintiff sustained injuries and damages as described in the preceding paragraphs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be accordingly entered against the Defendant, together with court costs and interests as allowed by law, for the damages and injuries sustained by Plaintiff due to the negligence of Defendant and for such other appropriate relief as the Court finds rust and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Dated: 10/9/12

PritzkerOlsen, P.A.

By: _____
Elliot L. Olsen (ICIS #AT0006004)
Brendan J. Flaherty (MN #0327657)
*(pro hac vice application forthcoming)*
Attorneys for Plaintiff
Suite 2950 Plaza Seven Building
45 South Seventh Street
Minneapolis, MN 55402-1652
(612) 338-0202

IN THE IOWA DISTRICT COURT MUSCATINE COUNTY

---

Robert D. Dearmore,

                        LAW NO. LACV _____

            Plaintiff,

                        **ORIGINAL NOTICE**

vs.

Menard, Inc.,

           Defendant.

---

TO THE ABOVE-NAMED DEFENDANT:

    You are notified that on _____ a Petition was filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Elliot L. Olsen, 45 South 7th Street, #2950, Minneapolis, MN 55402-1652, toll-free phone number 888-377-8900, fax number 612-338-0104.

    You must serve a motion or answer within 20 days after service of this original notice upon you, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Muscatine County, at the county courthouse in Muscatine, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Case Coordinator Specialist, Kathy Gaylord, 563-328-4145, Kathy.gaylord@iowacourts.gov. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                            CLERK OF COURT
                                            Muscatine County District Court
                                            Muscatine County Courthouse
                                            401 East Third Street
                                            Muscatine, IA 52761

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.