IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

```
ROBERT D. DEARMORE,            )
                               )    No. 3:12-cv-00129-RP-CFB
      Plaintiff,               )
                               )
vs.                            )    ORDER ADOPTING SCHEDULING
                               )    ORDER AND DISCOVERY PLAN,
MENARD, INC.,                  )    SETTING TRIAL AND FINAL
                               )    PRETRIAL
      Defendant.               )
```

The Court has reviewed the parties' proposed scheduling order [6]. The following deadlines are set:

1. Initial Disclosures will be made by: **May 1, 2013.**

2. Add Parties deadline **June 3, 2013.**

3. Amended Pleadings due by **July 1, 2013.**

4. Plaintiff's Expert Witness disclosures due by **September 3, 2013.**

5. Defendants' Expert Witness disclosures due by **October 15, 2013**.

6. Plaintiff's Rebuttal Witness disclosures due by **November 1, 2013.**

7. Discovery shall be concluded, and not propounded, by **December 2, 2013.**

8. Dispositive Motion Deadline **December 16, 2013.**

9. This case is set for jury trial before Senior Judge Robert W. Pratt on **April 14, 2014.** Estimated length of trial is

three days. Final Pretrial is set before the undersigned **at 10:30 a.m. on April 1, 2014, by telephone conference call.** Counsel should call the Court's conference line at 515-284-6266 and enter code 116266 at the prompt. The parties should comply with the requirements for final pretrial conference attached to this Order.

    IT IS SO ORDERED.

    Dated this 13th day of March, 2013.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE

# ORDER RE: FINAL PRETRIAL CONFERENCE

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1, IT IS ORDERED that the following requirements for the final pretrial conference shall be met:

1.    Counsel shall appear before a United States Magistrate Judge at the time and place noted in the attached schedule, fully prepared to conduct the pretrial conference. *No continuance of the trial date will be granted unless the request is made within fourteen days from the date of this Order, and for good cause shown.*

2.    The judge assigned to conduct the Final Pretrial Conference is available to schedule a settlement conference. The parties will be required to be personally present at settlement conferences. Counsel shall confer, and contact the office of the undersigned if they wish to schedule a settlement conference. The parties are reminded that private mediation services also are commercially available, if a court-sponsored settlement conference is not appropriate for this case.

3.    Counsel shall confer to prepare the **Final Pretrial Conference Order**, in accordance with the attached form. *At the final pretrial conference*, an original and one copy shall be submitted to the judge. It is the responsibility of plaintiff's counsel to prepare and present this order. Separate proposals from each party will not be accepted. Appropriate sanctions will be imposed pursuant to Fed. R. Civ. P. 16(f) for failure to comply with these requirements.

4.    *Before the final pretrial conference,* **motions in limine** must be filed and served on opposing counsel, so that they may be addressed at the conference.

5.    *By the time of the final pretrial conference,* the parties shall have filed:
        a) **Trial Briefs**;
        b) Proposed **Voir Dire** Questions;
        c) Complete **Jury Instructions**, including **verdict forms** (counsel may confer and submit one joint set of unopposed instructions/verdict forms and individually submit the contested jury instructions/verdict forms); and
        d) A stipulated **statement of the case** to be read during jury selection.

                                                        CELESTE F. BREMER
                                                        UNITED STATES MAGISTRATE JUDGE

## FORM OF ORDER FOR FINAL PRETRIAL CONFERENCE

[NOTE: CAPTION OF ACTION HAS BEEN OMITTED]

A final pretrial conference was held in the above matter pursuant to Fed. R. Civ. P. 16 on _____,

The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:
   Name(s)
   Street number and name
   City, State and zipcode
   Phone number

2. For the defendant:
   Name(s)
   Street number and name
   City, State and zipcode
   Phone number

Accordingly,

**IT IS ORDERED**

1. The parties agree that the following facts are true and undisputed:

   A.
   B.

   [NOTE: the parties should set out in full all material facts to which there is no dispute. Special considerations should be given to such things, where relevant, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, and property damage.

II. **EXHIBITS**

A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

    1. Plaintiff's Exhibits:

        1. [Describe exhibit]
        2. [Describe exhibit]
        3. [Describe exhibit]

    2. Defendant's Exhibits

        A. [Describe exhibit]
        B. [Describe exhibit]
        C. [Describe exhibit]

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

    1. Plaintiff's Exhibits:

        4. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        5. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        6. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

    2. Defendant's Exhibits:

        D. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        E. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        F. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

    C.    Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit provided that party establishes the exhibit is otherwise admissible.

        7. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        8. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        9. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

    2.    Defendant's Exhibits:

        G. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        H. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]
        I. [Describe the exhibit, state the purpose for which it is offered, and the objection thereto.]

[NOTE:    Any exhibits not properly listed in the Order will be subject to exclusion at trial and any objection not indicated will be deemed waived unless this Order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the FPTC to permit objections to be noted in this Order. Failure to provide exhibits for inspection shall constitute a valid ground for objection trial and should be noted in this Order.]

## III. WITNESSES

    A.    Plaintiff's Witnesses: [List witnesses, addresses and substance of testimony.]

        1.
        2.

    B.    Defendant's Witnesses: [List witnesses, addresses and substance of testimony.]

        1.
        2.

    C.    A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they

have listed them or not.

D. A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

IV. **FACTUAL ISSUES**

    A. Plaintiff's Factual Issues:

        1.
        2.

    B. Defendant's Factual Issues:

        1.
        2.

[NOTE: Each party should list all views of the major disputes which are involved in the case.]

V. **LEGAL CONTENTIONS**

    A. Plaintiff's Legal Contentions:

        1.
        2.

    B. Defendant's Legal Contentions:

        1.
        2.

[NOTE: Each party should set forth all theories of recovery or defense, including specifications of fault which will be raised upon at trial. The elements of each theory of recovery and the elements of damages sought must be included.]

VI. **LEGAL ISSUES**

    A. Plaintiff's Legal Issues:

        1.
        2.

    B. Defendant's Legal Issues:

1.
2.

[NOTE: The parties should set forth any legal questions which are likely to arise at trial. This should include such things as:

A legal dispute as to the elements of plaintiff's cause of action or whether recovery is barred as a matter of law by a particular defense.

Whether, as a matter of law, a particular defense would apply.

Any legal dispute as to the measure, elements, or recovery of damage claimed by the plaintiff.

Any unusual evidentiary questions which are likely to arise at trial.

Whether the statute of frauds or the parol evidence rule will be raised, etc.]

**PAGE NUMBERS SHALL BE CENTERED AT THE BOTTOM OF EACH PAGE OF THE PROPOSED ORDER**